## HENDERSON v WILSON

Ohio Appeals, 2nd Dist, Montgomery Co
No 1022. Decided Feb 24, 1931

McConnaughey, Shea, Demann & McConnaughey, Dayton, for Henderson.
Marshall & Harlan, Dayton, for Wilson.

**HORNBECK, J:**

Numerous errors are assigned but those urged may be encompassed under three headings. Error in the charge of the Court, misconduct of counsel for defendant and that the verdict and judgment was manifestly against the weight of the evidence.

Upon a fair consideration of this record it becomes evident that the controlling question is whether or not in any view of the facts as found by the jury in its answer to special interrogatory No. 1 could any error which may have intervened be manifestly prejudicial to the plaintiff? The answer to the special interrogatory is a definite statement from the jury that in their opinion plaintiff's decedent was negli-

gent and compels the conclusion that his negligence was a cause of his injuries and death. If this can be true under the facts adduced then all other matters are incidental and could not have saved the verdict for the plaintiff.

We believe the evidence was susceptible of the view which the jury took of it. It is undisputed that the defendant had safely crossed the third track prior to the collision and it is a permissible inference that his actions thereafter were caused in part, at least, by the hurried manner in which plaintiff's decedent came from his station. The jury had a right to say that it was the presence of the watchman suddenly coming to the attention of the defendant indicating the proximity of an approaching train which frightened him, caused him to become perturbed and to mistake the position of the locomotive, believing it to be on the fourth track which he was approaching instead of on the third track which he had passed. It was also a permissible inference for the jury to say that he should have been at his post of duty at an earlier time than when he came out of his building and had he been there the accident would not have happened.

Our attention is drawn to the fact that the trial court did not specifically charge on contributory negligence. This is true altho he charged on due care of plaintiff's decedent. But without respect to the failure of the Court to charge on contributory negligence, the facts which the jury found as carried into their answer to the special interrogatory are such that, under any proper charge that the court could have given touching contributory negligence, would be determinative that the negligence of plaintiff's decedent proximately contributed to cause his own injuries and death. The conclusion drawn must have followed from the probative facts in the evidence.

We are, therefore, of the opinion that the answer of the jury to the interrogatory is determinative of any question of prejudicial error to the plaintiff in this case. Our attention is specifically drawn to many phases of the charge respecting the alleged negligence of the defendant. The court in the trial applied the law as enunciated in the case of **B. & O. Railway Co. v O'Day**, Ohio Law Bulletin and Reporter, June 9, 1930, which at the present time is controlling with respect to the obligation of a motorist approaching a guarded railroad crossing where the watchman fails to come to his post of duty, or an automatic signal fails to operate. Altho the Court in many instances inadvertently, no doubt, failed to state the exact principle of law in particulars to which counsel for plaintiff has especially directed our attention, none of them could in view of the special finding have prejudiced the plaintiff in a manner requiring a reversal of the judgment.

Nor can we say that the verdict and judgment were manifestly against the weight of the evidence. The facts were such that the jury could properly have drawn inference for or against the plaintiff and having resolved them against plaintiff's decedent with respect to contributory negligence we cannot say that it was manifestly in error in so doing.

Likewise the claim of misconduct of counsel in which he stated to the jury that the plaintiff's charges all had jokers in them, altho very dangerous language under ordinary conditions, cannot be said to have affected the verdict. The instructions toward which the remarks of counsel were directed did not touch the subject upon which we have the special finding of the jury and could not have affected its action with respect thereto.

The trial court in its opinion, on motion for new trial, very carefully and thoroughly analyzed the contentions of counsel for defendant wherein it was claimed the Court had erred in the trial of the cause. We adopt this opinion in connection with our decision. The judgment of the trial court must, therefore, be affirmed.

(ALLREAD, PJ, and KUNKLE, J, concur)